```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

FILED
97 OCT 22 PM 3:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES C. LUMPKIN,            )
                             )
    Plaintiff,               )
                             )
vs.                          )   Case No. CV96-S-3167-S
                             )
ALETHEIA HOUSE, INC.,        )
                             )
    Defendant.               )

ENTERED
OCT 22 1997

ANDREA MATHEWS,              )
                             )
    Plaintiff,               )
                             )
vs.                          )   Case No. CV97-S-1742-S
                             )
ALETHEIA HOUSE, INC.,        )
CHRIS RETAN,                 )
                             )
    Defendants.              )

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss the complaint of plaintiff Andrea Mathews filed by defendant Aletheia House, Inc. Mathews alleges defendants retaliated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq. Aletheia House, Inc. contends Mathews's complaint is untimely and, therefore, due to be dismissed.

### I. FACTS

Mathews's action arises from events surrounding the dismissal of plaintiff James Lumpkin from employment with Aletheia House. Lumpkin claims his employment was terminated on February 23, 1995, in retaliation for reporting alleged violations of the ADA and Rehabilitation Act to the Alabama Disabilities Advocacy Program

("ADAP"). Mathews allegedly approved of Lumpkin's complaints, attempted to prevent his termination, and was herself terminated on March 31, 1995.

Aletheia House hired Mathews as a family therapist in November 1989, and promoted her to program director in 1990. In May of 1994, she was named interim clinical director. (Plaintiff's opposition to motion to dismiss ¶ 1.) Mathews and defendant Chris Retan[1] hired Lumpkin as a primary counselor in July of 1994.

During her tenure with Aletheia House, Mathews allegedly informed Chris Retan of numerous violations of the Americans with Disabilities Act and Rehabilitation Act, but her suggestions for compliance with those acts were rejected. (*Id.* ¶ 2.) In January of 1995, Lumpkin allegedly told Mathews of his desire to complain to ADAP, and Mathews supported his decision to do so. (*Id.* ¶ 4.) In February of 1995, she allegedly informed Retan of Lumpkin's complaints to ADAP, and he allegedly "became visibly upset." (*Id.* at 6.) Thereafter, on February 23, 1995, Retan called for Lumpkin's dismissal in a meeting of Aletheia House's personnel committee. (*Id.* at ¶ 7.) Despite Mathews's alleged support, Lumpkin's employment was terminated by a vote in which only Mathews and another employee, Vanessa Pickens, voted for his retention. (*Id.*) Thereafter, on March 31, 1995 (allegedly the eve of ADAP's inspection of Aletheia House), Mathews and Pickens were terminated. (*Id.* ¶ 8.)

---

[1]Retan is the executive director of Aletheia House. This court's order of February 20, 1997 dismissed Retan from the Lumpkin v. Aletheia House case (CV96-S-3167-S), but he remains a party to the Mathews litigation.

2

In March of 1995, James Lumpkin filed a charge of discrimination with the Equal Employment Opportunity Commission, which issued a determination on May 30, 1996, finding reasonable cause to believe his termination was retaliatory. Lumpkin received a notice of right to sue on September 26, 1996, although the EEOC continued to investigate his charge. (*Id.* at ¶ 9.) On December 10, 1996, the EEOC informed Aletheia House that its earlier determination was rescinded, and that an investigation of retaliation against Andrea Mathews and Vanessa Pickens was being conducted. (Cynthia Pierre[2] affidavit ¶ 7.) On January 28, 1997, the EEOC issued a revised determination, finding reasonable cause to believe the termination of all three employees was retaliatory. (*Id.* ¶ 10.) On February 21, 1997, the EEOC determined that conciliation of Mathews's claim was unsuccessful, and placed her case under consideration for litigation. (*Id.* ¶¶ 12, 13.) The EEOC has yet to determine if it will litigate Mathews's claims.

Between May 12, 1997 (the date she was subpoenaed to give deposition testimony in the Lumpkin case) and May 30, 1997 (the date of her deposition), Mathews met with Lumpkin's counsel for the first time. On June 3, 1997, Mathews filed a motion to intervene in the Lumpkin litigation,[3] which was denied by order of July 9,

---

[2] Pierre is the acting district director for the Birmingham district office of the EEOC. (Pierre affidavit ¶ 1.)

[3] In a letter of June 30, 1997, defendant's counsel informed this court that the motion to intervene was unopposed, in part for economic concerns to his client, which is a non-profit corporation. Mathews finds it "ironic" that defendant did not oppose the intervention, but now seeks to dismiss by opposing the grounds on which the intervention was based. In opposing consolidation, however, defense counsel made clear that Aletheia House would move to dismiss

3

1997. Nevertheless, Mathews commenced a separate action on July 11, 1997, and this court permitted consolidation on July 29, 1997.

## II. DISCUSSION

### A. Title I and Title IV ADA Claims

Mathews's Title I and Title IV ADA claims are based on the alleged retaliation by Aletheia House in terminating her for supporting James Lumpkin. The ADA incorporates the administrative prerequisites of Title VII (42 U.S.C. § 12117 (a)), one of which is that an action must be commenced within ninety days of receipt of a notice of right to sue.[4] 42 U.S.C. § 2000e-5(f).

Aletheia House argues that Mathews's action is untimely because it was not filed within ninety days of receipt of a notice of right to sue as required by 28 U.S.C. § 2000e-5(f). Mathews failed to file a charge of discrimination with the EEOC, or receive her own notice of right to sue, but Aletheia House recognizes the so-called "single-filing rule" provides her with at least a modicum of redemption. Under the "single-filing rule"

> a plaintiff who has not filed an EEOC charge [may] rely on another plaintiff's charge, provided two essential

---

based upon limitations to the single-filing rule. Thus, any estoppel-like argument by Mathews is without merit.

[4]Plaintiff mistakenly refers to the present dispute over the ninety-day rule as a jurisdictional matter. "[T]he Supreme Court and Fifth Circuit have found that the requirement that a plaintiff's Title VII action may be filed within 90 days after receiving a right-to-sue letter is not a jurisdictional prerequisite." Pinkard v. Pullman-Standard, 678 F.2d 1211, 1217 (5th Cir. 1980) (emphasis supplied); see also Calloway v. Partners National Health Plans, 986 F.2d 446, 449 n.1 (11th Cir. 1993)(plaintiff "overlooks a decade of Eleventh Circuit precedent holding that the charge and notice are merely prerequisites to filing a suit under Title VII. See Jackson v Seaboard Coast Line R.R., 678 F.2d 992, 1009 (11th cir. 1982)('the conditions precedent to a Title VII action are not jurisdictional prerequisites')").

4

requirements are met: (1) the charge being relied upon must be timely and not otherwise defective; and (2) the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame.

*Calloway v. Partners National Health Plans*, 986 F.2d 446, 449 (11th Cir. 1993). Thus, Aletheia House concedes that Mathews can rely upon Lumpkin's EEOC charge to satisfy the requirements of 28 U.S.C. § 2000e-5(e),[5] but argues that Mathews also was bound to file her complaint within ninety days of Lumpkin's receipt of a notice of right to sue from the EEOC.

Mathews, however, argues that extensive and controlling case law holds "the ninety-day rule has no application" when a plaintiff invokes the single-filing rule. (Plaintiff's supplemental brief at 2.) At oral argument, the court requested that Mathews provide it with such case law, but Mathews's brief provides no true authority on the issue, much less extensive and controlling authority. Rather, Mathews refers this court to Fifth Circuit cases establishing the single-filing rule in this jurisdiction. *See Crawford v. United States Steel Corporation*, 660 F.2d 663 (5th Cir. 1981); *Wheeler v. American Home Products*, 563 F.2d 1233 (5th Cir. 1977); *Oatis v. Crown Zellerbach Corporation*, 398 F.2d 496, 499 (5th Cir. 1968). Those cases state that a non-filing plaintiff can rely upon the previously-filed EEOC charge of another plaintiff, but provide no instruction on the ninety-day rule.

During oral argument, Mathews's counsel presented the same

---

[5]"A charge [of discrimination] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred...."

5

argument on the inapplicability of the ninety-day rule to single-filing cases, and relied heavily upon the facts of *Calloway v. Partners National Health Plans* to draw similarities to the present action. Like the older Fifth Circuit precedent, however, *Calloway* never discussed the ninety-day statute of limitations.

In *Calloway*, Felicia Calloway was one of only two African-American employees employed by defendant during a period from June of 1987 until February of 1988. Her initial salary was less than the white employee who proceeded her, and less than the white employee who replaced her after her resignation in November of 1989. The second African-American employee (Ivory Steward) was fired in February of 1988, and filed an EEOC charge on February 19, 1988, alleging disparate treatment in wages, discharge, and other terms and conditions of employment. Steward received a notice of right to sue and filed suit in 1989. "Shortly after resigning from [defendant's employment], Calloway filed a _timely_ motion to intervene in Steward's suit." *Calloway*, 986 F.2d at 446 (emphasis supplied). That motion to intervene was denied, and the district court treated Calloway's motion to intervene as a separate action. After a bench trial, the district court found the Calloway and Steward claims were "very similar," and allowed Steward's charge to support Calloway's claim. Even so, the district court found Calloway's wage discrimination claim was the result of a single discrete act which occurred when she was hired in June of 1987, two months outside the 180 day time-frame supported by Steward's February 19, 1988 charge. Thus, the court dismissed Calloway's

6

claims as time-barred.

The Eleventh Circuit reversed the trial court's decision, and found that Calloway's claims were viable under a "continuing violation" theory. Defendant argued that Calloway's claims still were not properly before the district court, because Calloway never filed an EEOC charge and could not rely upon Steward's. Nonetheless, the Eleventh Circuit held that:

> a plaintiff, such as Calloway, who unsuccessfully moves to intervene in the lawsuit of a plaintiff who has filed an EEOC charge may invoke the single filing rule, provided (1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame.

*Id.* at 450. Thus, *Calloway* merely directs this court to apply the single-filing rule and to allow Mathews to rely upon Lumpkin's EEOC charge. Contrary to plaintiff's arguments, *Calloway* provides little guidance on the application of the ninety-day statute of limitations to the present action. If anything, the facts of *Calloway* indicate that Mathews may proceed only if she "filed a <u>timely</u> motion to intervene in [Lumpkin's] suit."

Unfortunately, there is a paucity of authority defining a "timely motion" in single-filing rule cases. Even so, the court agrees with those courts which find that a plaintiff relying upon the single-filing rule must commence an action within ninety days of the notice relied upon. For example, in *Bowers v. Xerox Corporation*, No. 94-CV-6093T, 1995 WL 880773 (W.D.N.Y. May 5, 1995), the court addressed the present issue in the ADEA context:

> Because neither [plaintiff] filed an administrative charge, and neither will receive a right-to-sue letter,

7

> if the Statute of Limitations depended only on their receipt of the letter, it would never run. Employers would face the possibility of defending against piggybacked claims brought years after the litigation by persons who had followed the proper administrative procedure had resolved their claims.
>
> . . .
>
> The rule that should apply, therefore, is that a plaintiff seeking to "piggyback" onto administrative charges of another would be subject to the same statute of limitations as those persons similarly situated upon whose charge he relies. Put another way, <u>plaintiffs' time to file this action ran out 90 days from the day that the last actual plaintiff similarly situated received their right-to-sue letter</u>.

*Bowers*, 1995 WL 880773 at * 4 (emphasis supplied); *see also Kilgore v. Baker Protective Services*, No. 89 C 4286, 1990 WL 106569 at *1 (N.D. Ill. July 10, 1990)("Whether or not the 'single filing rule' applies in this case, petitioner's motion is untimely. Petitioner did not seek to join plaintiff's suit within the requisite 90 days following plaintiff's receipt of her right-to-sue letter from the EEOC").

In *Bowers*, two plaintiffs alleged that Xerox Corporation instituted a reduction-in-force with the intent to discriminate against older employees. Neither plaintiff filed an EEOC charge, but alleged the single-filing rule allowed them to rely upon the properly filed charges of other workers who alleged the same reduction in force violated the ADEA. The district court allowed the plaintiffs to rely upon the charges of other employees, but held that the plaintiffs' claims would be dismissed if Xerox could demonstrate the actions "were filed more than ninety days after the last actual plaintiff received their right-to-sue letter." *Bowers*,

8

1995 WL 880773 at *5.

Lumpkin received his notice of right to sue on September 26, 1996, but Mathews did not commence this action until July 11, 1997: 288 days later.[6]

Thus, Mathews's ADA claims are untimely, and the motion to dismiss is due to be granted, unless Mathews can demonstrate the statute of limitations was equitably tolled. "[T]he statutory time limits applicable under Title VII are subject to equitable tolling." *Irwin v. Department of Veterans Affairs*, 398 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).

In her opposition to the motion to dismiss, Mathews argues that the ninety-day statute of limitations was equitably tolled because: Aletheia House was placed on notice of Mathews's claims by the EEOC's efforts at conciliation from January 28, 1997 to February 21, 1997; the EEOC continues to consider her case for litigation[7]; and, she made efforts to commence this action after

---

[6] Even if the revised EEOC determination of January 28, 1997 is considered a notice of right to sue, and even if plaintiff's motion to intervene of June 3, 1997 is deemed satisfactory under the statute, plaintiff is still faced with a delay of 126 days. If the motion to intervene and conciliation notice of February 21, 1997 are used to formulate the operative dates, the time lapse is 102 days.

[7] The EEOC's continuing consideration of Mathews's claim for litigation may be relevant to the equitable tolling argument, because the EEOC is not subject to Title VII's statutes of limitations. See Occidental Life Insurance Company of California v. Equal Employment Opportunity Commission, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Indeed, Mathews's letter brief of October 16, 1997 argues that Bowers v. Xerox Corporation is inapplicable to the present action, because defendants received notice of Mathews's claims from the EEOC and engaged in conciliation efforts. That letter brief also appears to argue that Mathews was prohibited from filing suit within ninety days of Lumpkin's notice of right to sue, because the EEOC still was investigating her claims during that period.

Defendant argues that the EEOC's interest actually is limited to permissive intervention after a private action is commenced. See EEOC v. Huttig Sash & Door

9

retaining counsel in May of 1997. During oral argument, Mathews's counsel made the more persuasive argument that the EEOC informed Mathews that it would pursue her claims, and instructed her that she did not need to personally enforce her rights. The Eleventh Circuit recently found that the ninety-day statute of limitations could be equitably tolled when actions by the EEOC led to an untimely filed complaint. *See Browning v. AT&T Paradyne*, 120 F.3d 222, 225-227 (11th Cir. 1997). The court has before it no evidence concerning Mathews's knowledge of her rights, or her alleged communications with the EEOC; therefore, it cannot make a determination on equitable tolling. Consequently, the motion to dismiss Mathews's claims under Title I and Title IV of the ADA is due to be denied, without prejudice to file a motion for summary judgment on the same issue (or any other issue) following completion of discovery.

### B. Rehabilitation Act and Title II ADA Claims

Defendant also alleges Mathews's claims under section 504 of the Rehabilitation Act and Title II of the ADA are untimely.

> Title II [of the ADA] does not identify a statute of limitations for claims initiated in federal court. The Rehabilitation Act similarly lacks a statute of limitations. If a federal civil rights statute does not

---

Company, 511 F.2d 453, 455 (5th Cir. 1975)("We are convinced Congress meant to avoid duplicative proceedings by limiting the EEOC to permissive intervention when the EEOC raises no substantially different issues and seeks no relief other than for the private party"); Truvillion v. King's Daughters Hospital, 614 F.2d 520, 525 (5th Cir. 1980). Even so, defendant provides this court with no authority for its arguments that "the EEOC is limited to permissive intervention in the Lumpkin matter," or that the EEOC "should be subjected also to the 90-day limitation period." (Defendant's supplemental brief at 3 (emphasis supplied).) If the parties believe these issues are relevant to the equitable tolling issue, the court will consider them in a future decision on summary judgment.

10

impose its own specific statute of limitations, then a court should borrow the statute of limitations from the applicable state [statute] governing personal injury suits.

*Dominguez v. City of Council Bluffs*, No. 1-96-CV-90050, 1997 WL 484647 (S.D. Iowa Aug. 13, 1997); *see also Andalusia City Board of Education v. Andress*, 916 F. Supp. 1179, 1184-85 (M.D. Ala. 1996)(applying Alabama's two year personal injury limitations period to Rehabilitation Act). In Alabama, there is a two year statute of limitations for personal injury suits[8]; therefore, Mathews was required to commence her action under the Rehabilitation Act and Title II of the ADA within two years of her discharge.

Mathews was terminated on March 31, 1995, and did not commence this action until July 11, 1997, but argues her Rehabilitation Act claims and Title II ADA claims were equitably tolled by the EEOC's actions. As discussed earlier, this court will not reach a decision on the tolling issue without completion of appropriate discovery. Thus, the motion to dismiss Mathews's Rehabilitation Act claims and Title II ADA claims is due to be denied, without prejudice to file a motion for summary judgment on the same issue following completion of discovery.

An order consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this  21st  day of October, 1997.

United States District Judge

---

[8] *See* Alabama Code § 6-2-38.

11