UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES C. LUMPKIN, )
)
    Plaintiff, )
)
vs. ) Case No. CV96-S-3167-S
)
ALETHEIA HOUSE, INC., )
CHRIS RETAN, )
)
    Defendants. )

ANDREA MATHEWS, )
)
    Plaintiff, )
)
vs. ) Case No. CV97-S-1742-S
)
ALETHEIA HOUSE, INC., )
CHRIS RETAN, )
)
    Defendants. )

FILED
97 DEC 16 AM 8:07

ENTERED
DEC 1 6 1997

## MEMORANDUM OPINION

These actions presently are before the court on motion of defendant Chris Retan to dismiss the claims against him by plaintiff Andrea Mathews. Upon consideration of the briefs and arguments of counsel, the court concludes the motion is due to be granted in part, but denied in part.

This court dismissed James Lumpkin's Americans with Disabilities Act claims against Chris Retan on February 20, 1997, but retained Lumpkin's Rehabilitation Act claims for consideration on summary judgment. Even so, Andrea Mathews relies upon a recent case from the Eastern District of California for the proposition that "while individuals may not be liable under Title I of the ADA, they can be sued in their individual [capacity] under a retaliation claim [of Title IV of the ADA]." (Plaintiff's response to

44

defendant's reply brief at 3 (citing *Ostrach v. Regions of the University of California*, 957 F. Supp. 196 (E.D. Cal. 1996).)

This court is unpersuaded by Mathews' new-found authority. The *Ostrach* court reached its decision because the anti-retaliation provision of the Title IV of the ADA (42 U.S.C. § 12203) states that "no person shall discriminate," but the general anti-discrimination provision of Title I (42 U.S.C. § 12112) states that "no covered entity shall discriminate." Thus, the *Ostrach* court interpreted the difference between "person" and "covered entity" to mean that individual liability was permissible under the ADA's anti-retaliation provision. 957 F. Supp. at 200.

That distinction is without merit, because Title I defines a "covered entity" as "an employer" (42 U.S.C. § 12111(2)), which, in turn, is defined as "a **person** engaged in an industry affecting commerce." 42 U.S.C. § 12111(5)(A)(emphasis supplied). Furthermore, Title I of the ADA explicitly adopts the meaning of "person" found in Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12111(7). Thus, the *Ostrach* court departed from Title VII's definition of "person" simply because there was no explicit provision applying that definition to Title IV ADA retaliation claims.

This court declines to follow *Ostrach*'s lead. It is well established in this circuit that there is no individual liability for "persons" under Title VII or the ADA. *E.g., Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)(Title VII); *Mason v. Stallings*, 83 F.3d 1007, 1009 (11th Cir. 1996)(ADA). Furthermore, the *Mason* court held that: "The County Commissioners could not be

2

held liable in their individual capacities for <u>any</u> violation of the Disabilities Act." *Id.* (emphasis supplied). While retaliation claims were not before the *Mason* court, that statement is clear evidence that this circuit will not impose individual liability for ADA retaliation.

Indeed, the *Ostrach* court appears to be alone in its belief that individuals may be liable under the ADA's anti-retaliation provision. *See Cable v. Department of Developmental Services of the State of California*, 973 F. Supp. 937, 943 (C.D. Cal. 1997); *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997); *Butler v. City of Prairie Village*, 961 F. Supp. 1470, 1475 (D. Kan. 1997); *Cebuhar v. Department of Alcoholism and Substance Abuse*, No. 96 C 7363, 1997 WL 222871 at *3-4 (N.D. Ill. Apr. 24, 1997).

This court follows its previous order and finds that Andrea Mathews' claims under Titles I, II and IV of the Americans with Disabilities Act are due to be dismissed with prejudice. *See Pritchard v. Southern Company Services*, 92 F.3d 1130, modified 102 F.3d 1118 n.7 (11th Cir. 1996)(citing *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996)). Retan's motion to dismiss Andrea Mathews' Rehabilitation Act claims is due to be denied, without prejudice to renew such motion (or to file a motion for summary judgment) at the conclusion of discovery herein.

**DONE** this the 15th day of December, 1997.

_____
United States District Judge

3