FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 98 NOV 23 AM 10: 38
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES C. LUMPKIN,
ANDREA MATHEWS,
    PLAINTIFFS,

v.                            CASE NO. CV-96-J-3167-S

ALETHIA HOUSE, INC.
And CHRIS RETAN, in
his official capacity,



ENTERED
NOV 23 1998

    DEFENDANTS.

## MEMORANDUM OPINION

The defendants filed a motion for summary judgment (doc.62) on six different grounds. The plaintiffs' filed a response thereto and the defendants then filed a reply. The court has reviewed these documents and based thereon that said motion is due to be granted in part and denied in part. The court finds that the motion for summary judgment is due to be granted as to the claims pending against Chris Retan as an individual.

These claims were brought pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. section 794, et seq. This defendant argues that the Rehabilitation Act does not allow for individual liability. This exact question was recently addressed by the United States District Court for the Southern District of Florida. That court stated that:

> Upon reviewing the case law in this area, it appears that the issue of employee/employer liability under the Rehabilitation Act of 1973 is a novel question for this Court. This Court recognizes that much of the language of The Rehabilitation Act of 1973 is analogous to the ADA. Furthermore, the case of *Romand v. Zimmerman* provides guidance for the Court. 881 F.Supp.

806, 811 (N.D.N.Y.1995).

> The Plaintiff in *Romand* filed a complaint against individual employees alleging violations of the ADA and the Rehabilitation Act. *Id*. In both Acts, the definition of an employer includes "any agent of such person." Id. Therefore, the Plaintiff in Romand argued that the individual employees should be considered agents of the employer and thus, under the statute, should be held liable as "employers." *Id*. The court disagreed with the Plaintiff, and held that individual employers cannot be sued under the ADA or the Rehabilitation Act. Id.

*Huck v. Mega Nursing Services, Inc.*, 989 F.Supp. 1462, 1463 (S.D.Fla.1997)("Defendants' motion to dismiss the four individual Defendants shall be granted as to the Rehabilitation Act.").

Also addressing the question of individual liability is *Lane v. Maryhaven Center of Hope*, 944 F.Supp. 158, 163 (E.D.N.Y.1996). The *Lane* Court first looked to the statutory basis of the act itself for guidance and stated that "[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under Title I of the Americans with Disabilities Act...." 29 U.S.C. S 794(d). Discussing Lane, the court in *Pell v. The Trustees of Columbia University*,1998 WL 19989 (S.D.N.Y.) stated:

> The Court then examined determinations by other district courts who have found that under section 794(d), " '[t]he definition of "employers" found in the ADA is also applicable to the Rehabilitation Act.' " *Lane*, 944 F.Supp. at 163 (quoting *Romand*, 881 F.Supp. at 812) (citing to *Haltek v. Village of Park Forest*, 864 F.Supp. 802, 803 (N.D.Ill.1994)). These Courts reasoned that "because the ADA does not provide for individual liability, neither does the Rehabilitation Act." *Lane*, 944 F.Supp. at 163, (citing *Romand*, 881 F.Supp. 812); see also *Haltek*, 864 F.Supp. at 803-05.

> The *Lane* Court found, and this Court finds, the reasoning in *Romand* on this issue convincing:
>
>> It would appear to be unsound policy to allow claims against persons in their individual capacities under these statutes [the ADA and Rehabilitation Act] while not allowing them under Title VII. Since the definition of "employers is analogous in each of these acts, it follows that if this court [and now the Second Circuit] finds that the naming of individuals in Title VII actions can only be used to underscore the principle that employers have respondeat superior liability for the discriminatory acts of their agent employees, no additional liability may be attached under the ADA and Rehabilitation Act. *Romand*, 881 F.Supp. at 812.
>
> I adopt the sound reasoning of *Romand* and, as such, dismiss all section 504 claims against the individual Columbia defendants.

*Pell v. The Trustees of Columbia University*,1998 WL 19989, at 9, 10,11 (S.D.N.Y.). This court also finds that *Cebuhar v. Department of Alcoholism and Substance Abuse*, 1997 WL 222871, (N.D.Ill.) follows this same logic:

> Defendants ... first argue that they should be dismissed as parties to the ADA and Rehabilitation Act claims in Counts I-VI because they are not "employers" within the meaning of the statutes. We agree.
>
> It is well established in this circuit that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir.1995). Moreover, section 504 of the Rehabilitation Act incorporates the liability standards in Title I of the ADA. See 29 U.S.C. S 794(d)("The standards used to determine whether [section 504] has been violated in a complaint alleging employment discrimination shall be the standards applied under Title I of the Americans with disabilities Act of 1990 ( 42 U.S.C. 12111 et seq.)"); see also *Myers v. Hose*, 50 F.3d 278, 281 (4th Cir.1995); *Haltek v. Village of Park Forest*, 864 F.Supp. 802, 803 (N.D.Ill.1994). Thus, only "employers" may be held liable under the Rehabilitation Act. See, e.g., *Simenson v. Hoffman*, No. 95 C 1401, 1995 WL 631804, at *5 (N.D.Ill. Oct.24, 1995)(holding that individual

liability is prohibited under ADA and Rehabilitation Act).

[Defendants] are accordingly dismissed as defendants to the ADA and Rehabilitation Act claims in Counts I, II, III, IV, V, and VI.

*Cebuhar v. Department of Alcoholism and Substance Abuse*, 1997 WL 222871, *3, 4 (N.D.Ill.).

While plaintiffs argue to this court that holding an individual liable in his or her individual capacity under the Rehabilitation Act is the traditional and majority view, the United States Supreme Court case on which plaintiffs rely, does not address individual liability. *United States Dept. of Transp. v. Paralyzed Veterans of American*, 477 U.S. 597, 606, 106 S.Ct. 2705, 2711 (1986). As far as this Court is able to ascertain, the majority view on the question of individual liability under section 504 of the Rehabilitation Act is that no such liability exists, as the Southern District of Florida found in *Huck*, 989 F. Supp at 1463.

Based on a consideration of the foregoing, defendants' motion for summary judgment is hereby **GRANTED** as to the claims against defendant Retan as an individual. All remaining claims for summary judgment be and hereby are **DENIED**.

**DONE** and **ORDERED** this ___20___ day of November, 1998

                                                 UNITED STATES DISTRICT JUDGE
                                                 INGE P. JOHNSON